( Decided March 10th, 1859. )

WILLIAM WILHELM BY PROCHEIN AMI *vs.* HENRY HARDMAN.—HENRY HARDMAN *vs.* WILLIAM WILHELM.

An infant agreed with a party, to work and labor for him on his farm for seven years, in consideration that the latter contracted on his part to provide for him necessary meat and drink, lodging and clothing, and to give him some schooling when there was a school convenient, during the time he would so work and labor, and if he remained and worked for the seven years, to give him a horse, saddle and bridle, in addition. HELD:

1st. That this contract is but an agreement *for necessaries:* the item in re-gard to the horse and equipments, being something in addition to his sup-port, the infant cannot aver it, to avoid the contract *in toto.*

2nd. But if it be not a contract for necessaries, still the infant, though he may leave the employment at will, cannot recover for his services, dur-ing the time he so worked, having *fully enjoyed* the valuable considera-tion on which his services were rendered.

3rd. That this contract is not within the *statute of frauds.*

Where an infant pays money on a voidable contract, and has enjoyed the benefit of it, he cannot avoid it and recover back his money: the rule which protects infants from liability on contracts, will be allowed to ope-rate reciprocally where it can be so applied.

In cases where money has been paid by an infant, a distinction is always observed between those, when he has derived no benefit from the money he sues to recover back, and those where the consideration has been par-tially enjoyed by him.

CROSS-APPEALS from the Circuit court for Allegany county

This action was brought on the 16th of November 1857, by

Wilhelm vs. Hardman.

Wilhelm, an infant, to recover for work and labor performed by him for the defendant Hardman.

The declaration contains but one count, and is for work done and materials furnished. The defendant pleaded several pleas, the most material of which, (the 4th,) sets out an agreement between the parties, and is sufficiently stated in the opinion of this court. To this plea the plaintiff filed several replications, one of which sets up the infancy of the plaintiff, at the time of making the contract mentioned in the plea. To this replication the defendant demurred, upon the ground, that the contract set out in the plea is such as an infant can enter into. The court (PERRY, J.,) overruled this demurrer, and as the decision of this court is confined to the question of law thus raised, the other pleadings need not be stated.

In the course of the trial, of the issues of fact joined in the case, two exceptions were taken to the rulings of the court below, one by the *plaintiff*, to the court's refusal to exclude testimony offered by the defendant, tending to prove the agreement set out in his *fourth plea*, the other by the *defendant*, to the court's refusal to grant several instructions asked for by him. These prayers need not be stated.

The verdict was in favor of the plaintiff for $131.50, damages, and from the judgment thereon both parties appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*George A. Pearre* for Hardman, the defendant below:

The contract set out in the fourth plea, is a contract for necessaries, and is binding on the infant. *Chitty on Cont.*, 113, *(Ed. of* 1839.) 2 *Saund. on Pl. & Ev.*, 581. The contract was, as long as you work I will support and school you, and if you remain the full seven years, I will give you a horse, saddle and bridle in addition: the compensation for the time he did remain, was to be neither greater nor less, whether he stayed the whole seven years or not. He was to be paid for the time he worked. The plea alleges, that the work was done under the contract, and that it was done for the necessa-

ries. The contract is severable in its parts, and though the plaintiff may have had the right to discontinue the contract before its entire performance, yet, until he did so discontinue it, it was a daily purchase of necessaries by his labor, and a daily and continuous payment for the same, and he cannot recover back what was paid or a consideration for it. 2 *Smith's Lead. Cases*, 25. 8 *Taunt.*, 508, *Holmes vs. Blogg.*

It was a contract executed on both sides, as long as the plaintiff remained—necessaries furnished on one side and work on the other. In its nature it was a contract to be executed on both sides as it continued, (9 *Gill*, 294, *Rodemer vs. Hazlehurst,*) and in such a case the infant cannot disaffirm the contract and sue on a *quantum meruit*, even though his services were worth more than the necessaries. *Story on Cont.*, sec. 61. 13 *Pick.*, 1, *Stone vs. Dennison.* Even in cases not for necessaries, but where the infant has entered into a contract voidable by him, and has paid any money on it, or has performed labor under it, and has enjoyed the contract or participated in its benefits, upon electing to avoid the contract, he cannot recover back what he has paid. 2 *Kent*, 240, 242. *Chitty on Cont.*, 121. 8 *Taunt.*, 508, *Holmes vs. Blogg.* 4 *Gill*, 463, *Brawner & wife, vs. Franklin, et al.* 7 *Hill*, 110, *Medbury vs. Watrous.* 1 *Parson on Cont.*, 268, *McPherson on Infants*, 479, 488. 10 *Bing.*, 252, *Corpe vs. Overton.* The plea shows, that the plaintiff *received* the necessaries as the consideration of the work sued for. These necessaries he cannot return, and he cannot now go behind the contract to recover on a *quantum meruit* for that for which he has been paid. The replication of infancy is plead as *an answer to the plea*, and does not confess the general validity of the plea, and seek to avoid it, upon the ground of fraud or overreaching in the contract.

*J. H. Gordon* for Wilhelm, the plaintiff below.

This is an action by an infant, to recover for work and labor performed by him for the defendant, and the defence set up is, that the work was done under a special contract, by which it was agreed by the plaintiff, that he would serve the

Wilhelm *vs.* Hardman.

defendant seven years, in consideration that the defendant agreed to furnish him with necessary boarding and clothing, and to give him some schooling when there was a school convenient, and that if the plaintiff remained with the defendant the whole seven years, the defendant would also give him a horse, saddle and bridle, and that the plaintiff did not perform his contract. The only question for the consideration of this court is, whether or not this contract should have been admitted in evidence, and whether it is a valid contract, to bind the plaintiff, who was an infant at the time it was made?

The general principle is well settled, that a contract which the court can see, upon its face, is to the prejudice of the infant, is absolutely *void*. (3 *G. & J.*, 104, *Fridge vs. The State, use of Kirk*. 4 *Md. Rep.*, 435, *Ridgeley vs. Crandall & wife*.) And it is submitted, that such is the contract here set up in defence of this action. But at any rate the contract is *voidable*. The contract of an infant, for labor and service is not binding upon him, and he has the right to avoid it any time; and if an infant does avoid such a contract when part performed, he can recover on a *quantum meruit*, for the work actually performed. 1 *Parson's on Cont.*, 260, 262, 263, and note *(f.)* 19 *Pick.*, 572, *Vent vs. Osgood*. 2 *Pick.*, 333, *Moses vs. Stevens*. 12 *Pick.*, 110, *Nickerson vs. Easton*. 11 *Verm.*, 273, *Thomas vs. Dike*. 18 *Conn.*, 337, *Peters vs. Lord*. 17 *Maine*, 38, *Judkins vs. Walker*. 7 *Hill*, 110, *Medbury vs. Watrous*. 13 *Pick.*, 4, *Stone vs. Dennison*. And the jury have no right to deduct from the value of the services, any injury that may result to the adult, from the refusal of the infant to perform the contract. 3 *Denio.*, 375, *Whitmarsh vs. Hall*.

TUCK, J., delivered the opinion of this court.

This is an action by an infant, to recover for work and labor. There are several pleas, one of which, in substance, states, that in August 1852, the plaintiff agreed with defendant to work and labor for him, on his farm, for seven years, in consideration that the defendant then and there agreed and contracted on his part, to provide for the plaintiff necessary

meat and drink, lodging and clothing, and to give him some schooling when there was a school convenient, *during the time he would work and labor for defendant;* and that if the plaintiff remained and worked for the defendant for the seven years, that the defendant would give him a horse, saddle and bridle *in addition;* that the defendant entered into said contract with the plaintiff, and that he performed everything on his part to be performed, but the plaintiff refused to perform the contract on his part, and left the service of the defendant before the seven years expired, and that the causes of action contained in the declaration are the same, and no other, than those which the plaintiff did under said contract. To this plea, the plaintiff, among other replications, set up his infancy at the time of the alleged contract, to which the defendant demurred; and the court ruled against the demurrer. This issue in law, therefore, presents the question, whether the matter of the plea is an answer to the action; in other words, whether an infant can agree to work and labor, as a consideration for his support, and, after the contract has been partially, and concurrently performed on both sides, disaffirm his engagement and sue for the value of the services rendered.

Upon looking at the record, we cannot say, that the contract pleaded is any thing but an agreement for necessaries. *Bac. Abr. Infancy. Com. Digest, Enfant. Chitty on Contracts,* 136, 137, 138. *Parson's on Cont.,* 245. 13 *Pick.,* 1. We lay out of view the engagement of the defendant to give the plaintiff a horse and equipments, because, being something in addition to his support, the plaintiff cannot aver this item of the agreement to avoid it *in toto.* And we must bear in mind that the suit is not by the party who furnished the necessaries, but by the infant for his wages, which places the latter in a different relation in point of law, as to his contract, than it would have been if he had been sued. *Corpe vs. Overton,* 10 *Bing.,* 252.

The plaintiff's counsel, admitting that an infant is liable for necessaries, contends that his contracts for labor and service are not binding on him, that if he chooses to avoid them he may recover, on a *quantum meruit,* for the work actually

Wilhelm vs. Hardman.

done, and that in an action like the present, the value of the services cannot be diminished by allowing the employer for any injury which he may have suffered, from the refusal of the infant to perform the contract. For the purposes of this case, we may concede, that, as a general rule, the contract of an infant for labor and service, for wages, is not binding on him, and that he may avoid his agreement and sue for the value of his services. Some of the cases cited clearly show this. But they were not like the one before us. Even in Massachusetts, whose State Reports contain several such, it has been decided, that where an agreement had been made by a minor with another, that the former should serve the latter, for his board, clothing and education, and the contract had been performed, the minor could not, after arrival at age, sue for wages, although he offered evidence that his services were worth more than his maintenance and education. The court said it was a contract for necessaries, in which the employer took the risk of the health and capacity of the minor, and that it would be injurious rather than beneficial to minors, to hold such agreements as of no effect. *Stone vs. Dennison*, 13 *Pick.*, 1. See also 12 *Pick.*, 110. The contract in 13 *Pick.*, was assented to by the guardian of the minor, which circumstance was noticed as evidence that it was fair and reasonable at the time it was entered into. But as the contract here is not assailed on any such ground, but objected to, only because of the infancy of the party, and not appearing to be unreasonable, it stands unaffected by the want of such assent. As set out in the plea, it is such a contract as might have been made with the defendant by articles of apprenticeship under the acts of Assembly; for the law does not require that an infant shall be put to learn a trade, or have any degree of education, but that these shall be provided for by the justices, "in all cases where they can." Act of 1793, ch. 45. In *Harvey vs. Owen*, 4 *Blackf.*, 337, it was held, that a minor could not, on the ground of infancy, rescind a contract of this description, fairly made and apparently to his advantage, and sue for the value of the labor performed. The court agreed that the minor might abandon the service, and, while conceding that the decisions on the question of his

right to maintain the action had not been uniform, thought the
sounder principle and the preponderance of authority to be,
that he could not recover, and that to suffer him to do so,
would be enabling him to practice upon others that fraud and
imposition against which his privilege of infancy was designed
to protect himself.   See also, *Macpherson on Infants*, *ch*. 36.
Thus it will be seen, that there are decisions against the doc-
trine of the cases cited on the part of the plaintiff, as sought
to be applied on this appeal; and whatever force of authority
they may have in the States where pronounced, they have no
binding effect here.

   But apart from these considerations, we think that the Court
of Appeals, in the case of *Brawner vs. Franklin*, 4 *Gill*, 463,
recognized a principle on which this must be determined.
Many decisions show, that where an infant pays money on a
voidable contract, and has enjoyed the benefit of it, he cannot
avoid it, and recover back his money.   The rule which pro-
tects infants from liability on contracts, will be allowed to ope-
rate reciprocally where it can be so applied.   Thus, while the
court, in 4 *Gill*, denied the adult's right to recover on a con-
tract, not for necessaries, it held, "that if the infant have al-
ready advanced money upon a contract, which is executory on
the part of the adult, he cannot disaffirm it, and sue the other
party for the advance, whenever it was paid on a valuable
consideration, which has been partially enjoyed; and especi-
ally if he had received the benefits of his contract." Now, if
we were in error in treating this as a contract for necessaries,
this rule would protect the defendant, if the plaintiff had paid
money for that for which he rendered services instead.   They
were rendered on a valuable consideration, relating immedi-
ately to the person of the infant, concurrently moving from the
defendant; every day of the service this consideration was not
only partially but fully enjoyed; every moment he was receiv-
ing advantage from the agreement, in the necessaries afforded
by the other party; and when he left the employment the con-
tract had been fully performed on the defendant's part, as far
as he was under obligation to perform it, and the infant had
enjoyed these benefits of the contract.   How can the nature

or kind of consideration affect the question provided it was enjoyed by the infant? *Parson's on Cont.*, 262, 263, was relied upon to show that agreements for labor and service are not binding on the infant. That author says, that generally they are not; but, on page 268, he concedes the principle which we are applying to this case. He says: "If an infant advances money on a voidable contract, which he afterwards rescinds, he cannot recover this money back, because it is lost to him by his own act, and the privilege of infancy does not extend so far as to restore this money, unless it was obtained from him by fraud. Whether an infant, who has engaged to labor for a certain period, and, after some part of the work is performed, rescinds the contract, can recover for the work he has done, has been differently decided. The principle upon which the rule is founded, that forbids the infant's recovery of money, advanced by him on a contract which he has rescinded, would appear to lead to the conclusion, that he could not recover for the work he had done, but the weight of authority seems to be the other way." The references in this work, and in *Chitty on Contracts*, 139, *(Ed. of* 1855,) show, that there have been decisions on either side, but it is by no means clear, that the preponderance is against the binding force of agreements like that before us. In cases where money has been paid by the infant, a distinction is always observed between those where he has derived no benefit from the money which he sues to recover back, and those where the consideration has been partially enjoyed by him. This is abundantly shown in *Corpe vs. Overton*, 10 *Bing.*, 252, (25 *Eng. C. L. Rep.*, 121;) *Holmes vs. Blogg*, 8 *Taunt.*, 508, (4 *Eng. C. L. Rep.*, 189;) 2 *Kent's Com.*, 240; *Medbury vs. Wartrous*, 7 *Hill*, 110, where the cases are collected; *Macpherson on Infants*, 488, 489. The courts appear to have recognized a difference between an infant's promises to do, and his acts already done, when he has received or enjoyed a consideration therefor. *Story on Contracts*, secs. 62, 63. Finding that this doctrine has been adopted as the law of this State, (4 *Gill*, 470,) and seeing no reason for not applying it in the present case, we need have no concern with decisions in other States,

Wilhelm *vs.* Hardman.

whose courts have thought proper to introduce exceptions to the rule.

It was urged in argument, that the services might be worth more than the support furnished, and that the employer would thereby obtain an advantage over the infant. This may occur in some cases; but we must remember, that the infant may leave the employment at his own caprice, or whenever he can procure better returns for his labor. The employer is subject to his will. If this reason did not apply, we think it more in accordance with the policy of the law, in reference to infants, that they should be held bound by their contracts of this kind, as far as performed, than to offer inducements to them to obtain employment with persons acting in good faith, and, afterwards, sue for compensation, not contemplated by the other party at the time of the agreement. There are doubtless, many persons willing to afford homes and support to indigent minors, who would not take them as apprentices, or agree to give more than their maintenance and education as a return for their labor, and many minors would be fortunate in obtaining such places. But, if it be established, that not only is the performance of such contracts to depend, as it must under the law, on the fidelity of the minor, but that the other party may also be compelled to pay what he never expected, we presume, few such places could be had. There would then be many instances, of persons under age, refusing to be apprenticed, yet without employment as a means of support, because of the advantage which such a construction of the law would give the evil disposed over all who might take them into their service, even on the terms, though without the forms, of a legal apprenticeship. The consequences in most cases, would be visited upon society. If, therefore, the principle adverted to, had not been plainly recognized by the Court of Appeals, we should feel warranted in adopting, and applying it to the present case, as well on grounds of public policy, as to promote the interests of the very class, in whose behalf our sympathies were invoked—a class whose surest protection is often found in the very restraints which the law imposes.

It was also insisted, that the agreement not being in writing,

it could have no effect in the cause; but we think, that according to the exposition of the statute of frauds, as given in *Ellicott vs. Peterson's Excrs.*, 4 *Md. Rep.*, 476, the defence was well taken, such a contract not being within the statute. 1 *Smith's Lead. Cases, (Ed. of* 1855,) 432, *Peter vs. Compton.* The defendant's exceptions to the rulings of the court on the prayers, present, substantially, the validity and effect of the agreement, but as the judgment must be reversed on the demurrer, they need not be examined.

*Judgment reversed without procedendo.*

