ROBINSON *v.* VAN VLEET.

Opinion delivered July 12, 1909.

INFANCY—CONTRACTS.—An infant is bound by the terms of his contract for services which he has voluntarily executed, if the contract is not so unreasonable as to be evidence of fraud or undue advantage.

Appeal from Greene Circuit Court; *Frank Smith,* Judge; affirmed.

### STATEMENT BY THE COURT.

This was a suit instituted by the plaintiff as next friend of John Hots, a minor, for the value of services performed by the

minor for the defendant. Defendant has a verdict. In December, 1899, shortly before he became 13 years old, Hots was taken into the home of defendant, where he was almost constantly employed in hauling, farming and clearing in the service of the defendant until September 4, 1907, when he left as a result of a disagreement between him and defendant. Suit was brought for $900, balance alleged to be due for value of the service. Defendant's answer alleged and his proof tended to show that Hots practically became a member of defendant's family.

The court gave among others the following instruction:

"No. 1. One of the defenses to any recovery by the plaintiff in this suit is that the plaintiff entered and became a member of the family of the defendant, and as such was entitled to no compensation other than the common benefits enjoyed by the family. You are instructed that, if you find from the evidence that the plaintiff occupied the position of and became a member of defendant's family and received the common benefits enjoyed by the family, you will find for the defendant, unless you further find that there was an express agreement to compensate the plaintiff."

Appellant excepted to the giving of this instruction. The court also gave the following:

"No. 3. You are instructed that, in order to find for the plaintiff, it will not be necessary for you to find that there was any contract made or existing between the parties, but if the defendant permitted the plaintiff to work for him. and if he received the benefits of his labor, and made no objections to plaintiff's working for him, then under these circumstances the law implies a promise to pay plaintiff a reasonable sum for such labor."

*Huddleston & Taylor,* for appellant.

The jury ought to have been left free to consider the question whether or not there may have been an implied agreement. The presumption arising from the *quasi* family relationship that the services of the minor are gratuitous does not defeat an implied agreement that they are to be paid for. 56 Ark. 382; 82 Ark. 136; 10 Atl. 722; 90 Mo. 284; 38 Atl. 172; Rodgers on Dom. Rel., § 482.

*J. D. Block,* for appellee.

The agreement was express, and the question of an implied agreement to pay what the services were reasonably worth does not enter into the case.

WOOD, J., (after stating the facts). The appellant contends that, notwithstanding a family relationship may have existed between him and the appellee, he was entitled to recover if the facts show an implied agreement to pay him for his services, and he contends that the conduct of the parties, as shown by the evidence, raises an implied agreement, which rebuts the presumption that his services were gratuitous. He further contends that instruction number 1 takes away from the consideration of the jury any evidence of an implied agreement. There is really no evidence of any implied agreement in the record. The agreement, according to the testimony of both appellant and appellee, was express, and the effect of it was that appellee should receive appellant into his household as a member of his family, and that if appellant remained until he reached his majority he should receive a horse, bridle and saddle and eighty acres of land. After this, when the parties differed about some work, and agreed to sever the *quasi* family relationship before appellant reached his majority, the agreement was that appellee should pay appellant one hundred dollars in cash for the services already rendered, which appellant accepted, and thereupon left appellee's home, thus abandoning the contract as to horse, bridle and saddle and the eighty acres of land. These facts are established by the uncontroverted evidence, and the court therefore did not err in giving instruction number 1, even if it was meant by it to ignore any implied contract. But instruction number three, given at the request of appellant, did submit to the jury the question as to whether there was an implied contract to pay for appellant's services. Taking the two instructions together, their purport was to tell the jury to find for appellant if they believed from the evidence that there was either an express or implied contract to pay for his services. Instruction number three given at the request of appellant gives him the benefit of an implied agreement if there was one, and was more favorable to him than the evidence warranted.

There was really no evidence to justify the court in submitting to the jury the questions of the right of appellant to recover upon a *"quantum meruit;"* for the uncontroverted evidence shows an express contract for services which had been fully executed. The appellant had done the work, and had received the one hundred dollars, in addition to the necessaries and other valuable consideration given him by appellee. There is no allegation of fraud against appellee in dealing with appellant, and there is no evidence that the amount paid by appellee for the services of appellant was not reasonable under all the circumstances of his employment. Certainly, there was no evidence to show that the amount in necessaries and money received in consideration for his services was so unreasonable as to be evidence of fraud or undue advantage. Appellant did not even ask that such question be submitted to the jury. An infant is bound by the terms of his contract for services which he has executed without dissent, provided such contract, under all the circumstances of his employment, is reasonable, or not so unreasonable as to be evidence of fraud or undue advantage. Judge Cooley, in *Spicer* v. *Earl,* 41 Mich. 191, quoting an earlier case, used the following language: "It is essential to the protection of infants that they should be bound by contracts of this kind after they have been executed; and this idea of protection lies at the basis of the whole law of infancy. Should the law recognize the right of repudiation in such cases, no man could furnish an infant with the necessaries of life in compensation for his services without the risk of a lawsuit; and the minor, though able and willing to earn his support, would often be deprived of the opportunity, and driven perhaps to vagrancy and crime." *Wilhelm* v. *Hardman,* 13 Md. 140; *Hobbs* v. *Godlove,* 17 Ind. 359; 22 Cyc. p. 648.

In view of these principles, which are applicable to the facts of this record, there was no error in any of the rulings of the court prejudicial to the rights of appellant, and the judgment is therefore affirmed.