6821

STEELE v. POE.

MINOR—ESTOPPEL.—A CONTINGENT REMAINDERMAN has no interst he can assert until his estate vests, and if, while a minor, he executes, without consideration, with his adult cotenants and the holder of the preceding estate a deed conveying land in which he has such interest and he only remains quiet after his majority while the grantee goes into possession of and improves the property, he is not estopped from bringing action promptly after his estate vests to obtain his interest in the land. What acts after majority amount to ratification of contract during minority.

Before DANTZLER, J., York, November, 1907. Affirmed.

Action by Woods M. Steele and Orrie A. Steele against Anna Lyle Roddey Poe, Orin S. Poe, W. L. Roddey, J. E. Roddey and J. F. Reid. From judgment for plaintiffs, defendants appeal.

*Messrs. Wilson & Wilson,* for appellants, cite: *The infants received consideration for the conveyance:* 31 Mich., 182; 27 S. C., 303. *After majority infants should have disaffirmed contract:* 27 S. C., 304; 59 Ia., 697. *Plaintiffs have ratified their deed since majority:* 4 McC., 245; 27 S. C., 300; 29 S. C., 414; 27 S. C., 302; 52 Miss., 574; 16 Ency., 306, 300; 31 Minn., 468; 55 Tex., 281; 4 Harr., 75.

*Mr. Wm. J. Cherry,* contra, cites: *Deed was without consideration to plaintiffs:* 6 Ency., 690-692; 52 S. C., 317; 16 Ency., 294; 26 L. R. A., 183; Tyler on Inf., Sec. 54; 18 S. C., 352; 3 Pom. Eq. Jur., sec. 1293. *Plaintiffs were contingent remaindermen:* 10 S. C., 376; 26 S. C., 451; 24 Ency., 407; 4 Kent. Com., 281; Fearne on Rem., 366; 2 Hill Ch., 235; 2 Stand. Eq. Jur., Sec. 1040b; 2 L. R. A., 741. *How ratification may be made:* 27 S. C., 303; 1 Bail., 31; 11 Johns., 542; Tyler on Inf., 89; 2 Grant's R., 96; 36 Am. St., R., 25; 2 L. R. A., 742, *Estoppel does not apply to infants:* Tyler on Inf., Sec. 54; 18 S. C., 352; 26 L. R. A., 183. *A prejudicial contract without consideration by a minor is void:* 2 Kent., 236; 1 DeS., 596; 3 DeS., 482; 76 S. C., 561.

March 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. In the year 1865, one John Gilliam Steele died leaving of force his last will and testament and a codicil thereto in which he devised a tract of land containing four hundred and seventy-six acres, which includes the tract containing two hundred twenty-four and one-half acres, described in the complaint, to his grandson, John G. Steele,

for life and at his death to his children then alive in fee simple forever. If he died without leaving any children then alive, then over. The said John Gilliam Steele died on the 10th day of July, 1905, leaving the following named children surviving: John A. Steele, E. Gill Steele, Mamie E. Steele, Woods M. Steele and Orrie A. Steele, the two last named being plaintiffs herein.

It appears that John G. Steele, prior to August 30, 1898, became largely indebted to W. L. Roddey & Company and W. L. Roddey & Son, and to secure said indebtedness had given a mortgage on the 476 acre tract devised under said will to each of said firms, W. L. Roddey & Son holding the senior mortgage. On August 30, 1898, John G. Steele and his children, J. A. Steele, E. G. Steele, Mamie E. Steele, Woods M. Steele and Orrie A. Steele, executed a deed of conveyance of the premises herein to W. L. Roddey, J. E. Roddey and J. F. Reid, surviving members of the firm of W. L. Roddey & Co., in satisfaction of the said mortgages. At the time of the execution of this deed, Woods M. Steele and Orrie A. Steele were infants, the former twenty years and the latter sixteen years of age.

Subsequently, on the 13th day of February, 1900, the premises in question were conveyed by the surviving members of W. L. Roddey & Co. to Anna Lyle Roddey Poe.

John G. Steele died July 10, 1905, and this action was commenced August 10th following to have these deeds set aside in so far as they attempted to convey the interest in the land of the plaintiffs, Woods M. Steele and Orrie A. Steele, being the two-fifths interest, for a partition of the tract of land mentioned and for damages against the defendant, Anna Lyle Roddey Poe, for wrongfully withholding the same.

Defendants denied all the allegations of the complaint except the execution of the deeds, the death of John G. Steele and the relation of Orin S. Poe to defendant, Anna Lyle Roddey Poe, and claimed the benefit of the better-

ments placed upon said premises by defendant, Anna Lyle Roddey Poe.

The Circuit Court held that plaintiffs were contingent remaindermen under the will, and being infants at the time of the execution of the deed to W. L. Roddey, J. E. Roddey and J. F. Reid, their interest was not conveyed; that neither of them at that time understood the nature or consequences of the act; that they had no rights to assert in the premises until the falling in of the life estate; and further, that from the evidence plaintiffs had not ratified or confirmed their acts in executing the deed on becoming of age. Accordingly the deed of conveyance to W. L. Roddey, J. E. Roddey and J. F. Reid, dated August 30, 1898, and the deed by them to defendant, Anna Lyle Roddey Poe, dated February 13, 1900, of the same tract, were set aside and adjudged void in so far as the same affected the rights of the plaintiffs in the said premises.

The appellants contend, first, that the Court erred in finding that plaintiffs, at the time of the execution of the deed to defendants, W. L. Roddey et al., did not understand the nature or consequences of the act. Possibly the Circuit Court was in error in this finding, as the plaintiffs were very intelligent and very probably understood that the deed purported to convey their interest in the premises in settlement of their father's indebtedness to W. L. Roddey and others, but this circumstance does not appear to be of much importance in determining the issues in this case.

It is also contended that the Court erred in holding that plaintiffs received no consideration for their conveyance. We agree with the Court in this finding. The evidence shows clearly that nothing was received by plaintiffs for their interest and that the whole consideration moved from W. L. Roddey et al. to their father, the cancellation of the latter's indebtedness to the former, for which plaintiffs were in nowise liable.

It is claimed that the Court erred in finding that plaintiffs had no interest to protect or assert in the property until after

the death of the life tenant, and that he should have found that the interest they conveyed was a valuable one and they should have disaffirmed within a reasonable time after becoming of age and without waiting until after the death of the life tenant.

There is no doubt that the Court properly construed the interest of plaintiffs under the will of John Gilliam Steele to be that of contingent remainders. *Faber* v. *Police,* 10 S. C., 376; *Rountree* v. *Rountree,* 26 S. C., 451, 2 S. E., 474. Until the death of the life tenant they had no interest or estate, and were not in any position to assert any right or to prevent any one entering under the life tenant from using and building upon the premises. It is true that Mrs. Poe put valuable improvements upon the property after the conveyance to her, but is must be remembered that she owned the life estate of John G. Steele and by the conveyance of the adult remaindermen she had absolute title to three-fifths of the property. At this time it appears that plaintiff Woods M. Steele had attained his majority but plaintiff Orrie A. Steele was still a minor. But neither were under any legal duty to assert their right of a mere expectancy as against one in lawful possession and use of the proprety.

It remains to consider whether the Court was correct in holding that neither of the plaintiffs after coming of age ratified the said conveyance and were not estopped from disaffirming the same. We hold, with the Circuit Court, plaintiffs did nothing to deceive defendants as to their age; in fact, it appears in defendant's testimony that they were aware of the minority of Orrie Steele. Having received nothing from the defendant in consideration of their conveyance there was nothing retained by plaintiffs the holding of which would indicate an intention to ratify. They did nothing after becoming of age but remain silent until the vesting of their estate, and thereafter promptly brought this action. There was testimony by defendant Orin S. Poe that a short while after the death of John G. Steele the plaintiff, Woods M. Steele, had a conversation with W. L.

Roddey in the office of the Roddey Mercantile Company in the presence of W. J. Cherry; that Steele' said to Roddey that he had come down to see about his father's insurance policy; that Captain Roddey remarked, "We took the insurance policy and that land in settlement of all your father's debts;" that Steele said, "The land is all right; you have good titles to the land." This testimony was corroborated by J. E. Roddey. W. L. Roddey testified that the expression used by Steele was, "The land is all right." On the other hand, Steele testified that no such remark was made, and W. J. Cherry, who was present, said he heard no such remark and believed he would have heard it if made. The Circuit Judge did not undertake to determine which was the correct version of the conversation.

Under the view we take of the law it is unnecessary for us to determine whether such declaration was made or not. Assuming that the declaration was made, even under the law existing previous to the statute (Section 2656, Civil Code) a simple declaration or acknowledgment of a contract after coming of age is not sufficient; there must be some act which necessarily recognizes the existence and efficacy of the obligation. *Chambers* v. *Wherry,* 1 Bail., 1.

In *Ihley* v. *Padgett,* 27 S. C., 303, 3 S. E., 468, the Court states the ways in which ratification may be made, thus: "There must be, after he attains his majority, with a full knowledge of his right, (1) acquiescence from which assent may be fairly inferred, (2) and adequate benefit enjoyed which has grown directly or indirectly out of the contract, or (3) some direct act or express assent." It can not fairly be said that plaintiffs have ratified in any of these ways, especially in view of the fact already stated that their rights did not accrue until a few weeks before this action.

Section 2656, enacted originally in 1878, provides: "No action shall be maintained whereby to charge a person upon any promise made after full age to pay any debt contracted during infancy, or upon ratification after full age of any promise (except for necessaries) made during infancy,

unless such promise or ratification shall be made by some writing signed by the party to be charged therewith." Under this statute it is clear no action could have been maintained by defendants against plaintiffs, based upon the alleged ratification, in the absence of some writing signed by the parties. To permit defendants to defeat plaintiffs' action by showing a mere parol ratification would also be contrary to the purpose of the statute by permitting one to charge another with a contract not legally enforceable. *Mendelsohn* v. *Banov,* 57 S. C., 151, 35 S. E., 499.

The foregoing statute was recently under consideration in the case of *Exchange Bank* v. *McMillan,* 76 S. C., 570, wherein it was held that a minor engaged in business in a foreign State and executing a mortgage there on land in this State may disaffirm the contract here in a foreclosure of the mortgage in the absence of a ratification in writing after attaining his majority.

The last cited case further shows that one may, by his conduct after attaining his majority, be prevented from availing himself of the statute under the doctrine of equitable estoppel, as when one by his statements, conduct or silence causes the adversary party to do some act or change his position to his detriment. But there is nothing to show that the declaration of plaintiff Woods M. Steele, if made, caused defendants to do any act or change their position to their detriment.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.