8389

TOLAR v. MARION COUNTY LUMBER CO.

1. MINORS—RATIFICATION OF DEEDS AND MORTGAGES—DEEDS.—Where a minor conveys the timber on two tracts of land, and soon thereafter executes a mortgage on the land, and after maturity ratifies first the mortgage and then the deed, and thereafter executes a deed of the land to another, who had notice of the first deed and mortgage and their ratification, the first grantee takes the land subject to the ratified mortgage.

The rule of ratification by minors stated.

2. TIMBER DEED.—The Court having erred in holding the timber deed here conveyed the timber in fee simple and further holding that if he should conclude otherwise, there was nothing in the agreed statement of facts to indicate whether the grantee had had a reasonable time to remove, the case is remanded to have the issues of reasonable time to remove determined.

3. REHEARING refused. .

Before SHIPP, J., Dillon, April, 1911.   Modified.

Action by J. J. Tolar and W. G. Tolar against Marion County Lumber Company.   Plaintiffs appeal.

*Messrs. Montgomery & Lide* and *Henry Buck,* for appellants, cite: *Deed of minor is only voidable:* 18 Am. St. R. 516; 4 McC. 241; 2 Mills 201; 27 S. C. 300; 22 Cyc. 531, 545-6.   *A deed, after attaining majority, disaffirms a deed during minority:* 22 Cyc. 556-7; 2 Mill. 202; 3 Brev. 401; 1 Tread. 468; 18 Am. St. R. 665, 681; 36 Am. St. R. 25; 4 Post 41; 47 Am. R. 418; 24 N. W. 452.   *So does a mortgage so executed:* 3 Brev. 401; 22 Cyc. 556; 15 Ark. 73; 18 Am. St. R. 666; 29 S. C. 414.   *When Court may declare a reasonable time has elapsed as a matter of law:* 50 S. E. 361; 12 A. & E. Am. Cas. 913; 128 N. C. 46; 46 S. E. 24; 30 At. 247; 46 So. 239; 66 S. E. 834; 37 Cyc. 357; 14 Leg. Int. 132; 1 Call. 212; 11 N. H. 290; 189 N. Y. 431.

*Messrs. Willcox & Willcox* and *M. C. Woods,* contra, cite: *Minor's deed only voidable:* 27 S. C. 302; 4 McC. 241; 2 Hill Ch. 541.   *The plea of minority is personal:* 2 Hill Ch. 541; 16 Ency. 248; 22 Cyc. 556; 15 Ark. 73.   *A subsequent conveyance to disaffirm a previous one must be inconsistent:* 22 Cyc. 557; 18 Am. St. R. 666; 24 N. W. 452.

The opinion in this case was filed on August 26, 1912, but held up on petition for rehearing until

December 9, 1912.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is a controversy without action.

The facts as agreed upon by the parties, are set out in the record.

The issue submitted to the Court was: "Who has superior title to the timber, on the two tracts of land hereinbefore described, plaintiffs or defendant?"   And, that issue involves the law, as to the manner in which the contracts of an infant, must be ratified, after attaining his majority.

It appears from the agreed statement of facts, that Ashton L. Berry was born on the 1st of March, 1881, and, therefore, attained his majority, on the 1st of March, 1902; that Sarah A. Berry and Ashton L. Berry, conveyed the timber on the two tracts of land described in the record, to Cape Fear Lumber Company, on the 9th of February, 1899, and that the deed of conveyance was duly recorded; that Sarah A. Berry and Ashton L. Berry, executed a mortgage on one of said tracts of land to certain parties, on the 26th of July, 1899, which was duly recorded on the 4th of August, 1899, and transferred to C. L. Willis, on the 3d of October, 1900; that Ashton L. Berry made the following endorsement on said mortgage, on the 4th of March, 1902: "I hereby endorse the within paper as just and correct;" that Sarah A. Berry and Ashton L. Berry, executed a mortgage, on the other tract of land, to C. L. Willis on the 10th of December, 1900, which was duly recorded; that Ashton L. Berry made the following endorsement on said mortgage, on the 4th of March, 1902: "I hereby endorse the foregoing paper as correct;" that Sarah A. Berry and Ashton L. Berry executed another mortgage to C. L. Willis, on both tracts of land, on the 4th of March, 1902; that Ashton L. Berry, on the 11th of December, 1902, ratified and confirmed his deed of conveyance, which he had made to Cape Fear Lumber Com-

pany, on the 9th of February, 1899, that on the 12th of December, 1903, Sarah A. Berry and Ashton L. Berry, conveyed both tracts of land to C. L. Willis in fee, and the deed was duly recorded; that on the        day of August, 1904, the Cape Fear Lumber Company, conveyed said timber to the defendant, Marion County Lumber Company; that C. L. Willis and his wife conveyed the timber on said lands to the plaintiffs, on the 1st of June, 1906.

In the case of *Norris* v. *Vance,* 3 Rich. 164, the Court uses this language: "According to the decision in the case of *Norris* v. *Wait* (2 Rich. 148) and other authorities, this Court is satisfied, that to show a confirmation of an infant's contract, there must be, after he attains maturity, and with a full knowledge of his rights, one of these three things, viz.: 1. Acquiescence, from which assent may be fairly inferred; 2. An adequate benefit enjoyed, which has grown directly or indirectly, out of the contract; 3. Some direct act of express assent."

There are exhaustive notes to the cases of *Shreeves* v. *Caldwell,* A. and E. Ann. Cases (Mich.) 592, and *Craig* v. *Van Bebber,* 18 Am. St. Rep. (Mo.), 569, which discuss this subject in every aspect. The contract of an infant (except for necessaries) is voidable, and is without force and effect until ratified by the infant, after he becomes of age. *Ihley* v. *Padgett,* 27 S. C. 300, 3 S. E. 468.

If an infant executes a deed of conveyance, and after attaining his majority executes another deed or mortgage, embracing the same land, the first deed will thereby be rendered as ineffectual, as if it had never been made, for the reason that it is inconsistent with the second deed or mortgage, and was without vitality until confirmed in some way, after the grantor ceased to labor under the disability of infancy. Therefore, when Ashton L. Berry, on the 4th of March, 1902, ratified the two mortgages executed by him during his minority, and also executed a third mortgage on that day, the lien of these respective mortgages became paramount to

the rights of the Cape Fear Lumber Company, under its deed, dated the 9th of February, 1899, and such lien was not subject to be divested or rendered less effectual, by the subsequent ratification of the deed of conveyance to the Cape Fear Lumber Company, which took place on the 11th of December, 1902. While, it is true, Ashton L. Berry, could do no act after ratifying the two mortgages and executing a third, that would render said mortgages less effective, nevertheless there are facts in this case, by which Ashton L. Berry had the power to ratify the deed to the Cape Fear Lumber Company, subject to the lien of said mortgages. The reason why a subsequent deed or mortgage disaffirms a deed made during infancy, is because they are inconsistent. A subsequent mortgage is inconsistent with a prior deed for the reason that if the deed should be considered as of force, there would be no power left in the grantor to make a valid mortgage. When, however, the deed executed during minority did not purport to cover all the land embraced within the mortgages, it can not be said that they are wholly inconsistent.

In the case under consideration, the deed to the Cape Fear Lumber Company did not purport to convey all the land, but only the timber thereon. Therefore, the deed and the mortgages were only inconsistent to the extent, that the mortgagees had a prior lien, but which after its enforcement by sale of the property, might leave the rights of the grantee unaffected to any great extent. When Ashton L. Berry ratified the mortgages, he took no other action tending to show an intention to repudiate the deed; and, we see no reason why he could not thereafter ratify it, subject, of course, to the lien of the mortgages.

When Sarah A. Berry and Ashton L. Berry conveyed the two tracts of land to C. L. Willis, he knew that Ashton L. Berry had previously ratified the deed executed in favor of the Cape Fear Lumber Company—in fact, the instrument of writing expressly confirming the deed, made to said com-

pany on the 9th of February, 1899, was sent to him and was then in his possession. The ratification of said deed created vested rights in the Cape Fear Lumber Company which could not be divested by a subsequent deed. Therefore, the title of the said company was paramount to that of C. L. Willis, and likewise to the title of the plaintiffs, as the deed of conveyance to them by C. L. Willis did not invest them with rights superior to those of C. L. Willis. This is shown by the following statement which appears in the record: "Willis told J. J. Tolar, the partner who conducted the negotiations for his firm, that A. L. Berry was a minor, at the time of the deed made by him, to Cape Fear Lumber Company; and in corroboration of his statement, produced, or offered to produce and showed to Tolar, or offered to show to him, the confirmation above referred to," etc.

The next assignment of error is as follows: "Because his Honor erred, it is respectfully submitted, in holding that under the conveyance herein, the defendant, Marion County Lumber Company, as grantee of Cape Fear Lumber Company, took an estate in fee simple, it being respectfully submitted, that by a proper construction of said conveyance, it imposed upon the grantee, and the defendant herein as its successor, the duty of cutting and removal of said timber, within a reasonable time."

The respondent's attorneys, in their argument concede, that under the cases of *Flagler* v. *Ry.* 89 S. C. 328; *McClary* v. *Ry.* 90 S. C. 153, and *A. C. L. Corporation* v. *Litchfield*, 90 S. C. 363, the construction of said deed by his Honor, the Circuit Judge, was erroneous.

The sixth and seventh exceptions, which are as follows, will be considered together:

"Because his Honor erred, it is respectfully submitted, in not holding that more than a reasonable time in which to cut and remove said timber, had elapsed before the commencement of this action, and that, therefore, the timber had

revested and reverted in plaintiffs, as the successors in interest of C. L. Willis.

"Because if the agreed statement of facts, does not show the facts and circumstances surrounding the parties, at the time of the execution of the timber deed, sufficiently for the Court to pass on the question of whether or not, a reasonable time had elapsed, in which to commence to cut and remove the said timber, his Honor erred, it is respectfully submitted, in not remanding the case, or taking testimony, to fully determine these facts; it being respectfullly submitted, that this action, being in the nature of a suit in equity, the Court should be fully advised of all the facts, before attempting to pass judgment."

The ruling of his Honor, the Circuit Judge, in this regard, is as follows:

"It was contended by plaintiffs, that the deed under which defendant claims, when properly construed, bound the defendant to remove the timber within a reasonable time. This deed undoubtedly conveys the timber in fee simple. By a stipulation or provision contained in the deed, the defendant was to have ten years from the time it commenced to cut the timber, in which to cut and remove same, and if at the end of that time it has not removed said timber, then, by a payment of six per cent. upon the purchase price, it was to have ten years longer to remove same. Whatever may be my personal views as to the propriety of sustaining a contract of this character, I am constrained to hold, under the doctrine laid down in the cases of *Knotts* v. *Hydrick,* 12th Richardson 314, and *Wilson* v. *Alderman,* 80th S. C. 106, that defendant's grantors received title to the timber in question, in fee simple, and that I have no right to hold defendant, to be required to remove this timber within a reasonable time, or within any time, except that which is provided for by the terms of the deed itself.

"I may add, that even if I did not regard myself bound by these decisions, to give effect to the deed according to its

terms, yet there is nothing from which I could ascertain, whether or not a reasonable time for the removal of the timber in question has expired. The agreed statement of facts would seem to indicate that a reasonable time had not expired."

The Circuit Judge did not consider it necessary to decide the question, whether the grantee had commenced to cut and remove the timber within a reasonable time, as the cases of *Flagler* v. *Ry.*, 89 S. C. 328, and the other cases hereinbefore mentioned had not then been decided.

He states that there is nothing from which he could ascertain, whether a reasonable time had elapsed; and, merely remarked, that the agreed statement would *seem* to indicate, that a reasonable time had not expired. Furthermore, it does not appear from the agreed statement of facts, whether the burden of proof rested upon the plaintiffs or the defendants.

Under these circumstances, justice and equity demand, that the case should be remanded, for the purpose of enabling the parties to introduce testimony upon this issue.

Judgment modified.

MR. JUSTICE WOODS, *disqualified.*

3    Petition for rehearing refused by formal order filed December 9, 1912.