11674

BEAM v. McBRAYER *ET AL.*

(128 S. E., 34)

1. INFANTS—MISREPRESENTATION AS TO AGE DID NOT ESTOP INFANT TO ASSERT INFANCY AS DEFENSE IN ACTION TO FORECLOSE MORTGAGE IN WHICH DEFICIENCY JUDGMENT WAS SOUGHT.—Infant, misrepresenting his age, who procured contract for purchase of land by which he assumed payment of mortgage, though guilty of and liable for a tort, was not, by reason thereof, estopped to assert infancy as defense in action to foreclose mortgage in which deficiency judgment was sought against him.

2. INFANTS—PURCHASER WHO ENTERED INTO CONTRACT DURING INFANCY HELD NOT ESTOPPED TO DENY VALIDITY BY MAKING EFFORT TO SELL OR RENT AND TO BORROW MONEY ON PROPERTY DURING THREE-MONTH PERIOD AFTER MAJORITY.—Infant purchaser, who did not ratify contract in writing after he reached his majority, as required by Civ. Code, 1922, § 5520, and who by such contract received property worth merely $1,000 in consideration of the assumption of $3,500 indebtedness, was not estopped to deny validity of contract merely because he made an effort during a period of three months after he arrived at full age to sell or rent property and to borrow money on it to pay debt assumed.

Before ANSEL, J. County Court, Greenville, February, 1924. Affirmed.

Action by Emma J. Beam against W. D. McBrayer and others to foreclose a real estate mortgage. From a judgment refusing a deficiency judgment against defendant, McBrayer, plaintiff and defendant, J. P. Ables, appeal.

*Messrs. B. A. Morgan* and *Nettles & Oxner* for appellants. *Messrs. Nettles & Oxner* cite: *Estoppel to plead infancy:* 105 Atl., 201; 108 S. E., 568; 9 L. R. A. (N. S.), 1117; 42 L. R. A. (N. S.), 643; 54 Miss., 127; 96 A. S. R., 453; 25 S. W., 977; 3 Rich., 164; 2 Rich. Eq., 120. *Implied ratification of infant's contract:* 4 McCord, 241; 27 S. C., 300; 76 S. C., 561.

*Messrs. Martin & Blythe,* for respondent, cite: *Ratification of infant's contract:* Civ. Code, 1922, Sec. 5520; 76 S. C., 561; 79 S. C., 407. *Estoppel to plead infancy:* 37 S. C. L., 164; 102 U. S., 300; 26 L. Ed., 87; 18 A. S. R., 569, and extended note, pages 573, 574, 633, 707 and 708; 8 L. R. A. (N. S.), 104.

May 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action to foreclose real estate mortgages, the plaintiff and the defendant, Ables, sought to recover a deficiency judgment against the defendant, W. D. McBrayer. The defendant, McBrayer, set up the defense of infancy. The County Judge sustained the defense, and denied to appellants the relief sought. The appeal challenges the correctness of the County Judge's conclusion.

The defendant, Ables, purchased the mortgaged property from one Smith, and assumed the payment of an outstanding mortgage to the plaintiff for the sum of $2,000.00. Ables then sold and conveyed the land to McBrayer, who assumed the payment of the plaintiff's $2,000 mortgage,

and gave Ables his note and a second mortgage for $1,500. The plaintiff foreclosed, and the land was purchased by the plaintiff at the foreclosure sale for $1,000. At the time of the transaction between Ables and McBrayer, McBrayer was a minor, a few months over 20 years of age.

Upon the issue as to infancy of McBrayer, the Master found·the facts to be substantially as follows: That before entering into the contract with McBrayer, Ables asked him as to his age, and was told by McBrayer that he was of age; that Ables acted upon that false assurance, and was thereby misled into closing the transaction with McBrayer; that McBrayer had the appearance of a man of 21 years of age or upward; that the transaction between Ables and McBrayer was in March, 1921; that McBrayer became of age in December, 1921, that after his coming of age in December, 1921, and between that date and the commencement of this action on April 3, 1922, a period of about three months, McBrayer tried to procure a loan on the property to take up plaintiff's indebtedness, tried to sell it, and did agree to rent it for the year 1922; and that he made no attempt "to disaffirm his act in accepting said deed and executing said note and mortgage until after this action was commenced."

The Master held, as a matter of law, that under the foregoing facts McBrayer was estopped to avoid his contract on the ground of infancy. The County Judge held that under the express provisions of our statute (Section 5520, Volume 3, Code 1922), the facts were not sufficient to create such an equitable estoppel against McBrayer as would dispense with the ratification in writing required by the statute, and that appellants were not entitled to recover against him in this action upon the debt contracted during infancy.

We think the County Judge reached the correct conclusion. Granting that the conduct of an infant in inducing another to enter into a contract with

him by fraudulently misrepresenting his age may constitute a tort for which the infant would be liable in damages, such tort may not ordinarily be given the effect of making valid his void contracts nor of taking away his right to disaffirm a voidable contract without, in effect, nullifying the fundamental rule of the law that the general contracts of infants are void or voidable. The salutary object of that rule is to protect the infant from the consequences of his own unwisdom and indiscretion. To say that the infant has not capacity to bind himself by the act of entering into an express contract, but has capacity to bind himself to the self-same contract by his unwise and indiscreet, or tortious, acts and declarations outside of the contract, involves a contradiction which precludes, as a general rule, the application of the doctrine of equitable estoppel to such conduct of an infant. That cases may arise, however, to which the doctrine of equitable estoppel has a clear application is not open to question. Upon that principle, for example, an infant cannot sell his property for a fair price, receive and retain the proceeds, and then retake the property to the prejudice of those who have, in good faith, acted upon the transaction as valid. But, since to base an estoppel upon the misleading acts and declarations of an infant which have induced a contract is, in effect, to give to those acts and declarations contractual force when the law forbids that such force shall be given the contract itself, the doctrine of estoppel is not ordinarily available against infants. 14 R. C. L., 232, § 16. In the case of *Norris v. Vance,* 3 Rich. Law, 164, it is said:

"An infant is liable for his torts—but his tort neither makes valid his void contract, nor takes away his right of disaffirming a voidable one. If an infant, representing himself to be of age, give a bond for money borrowed, the plea of infancy will avail against the bond. * * * The disability of an infant would be a feeble protection, if it could be altogether removed by proof of misrepresentations made

by him at a time when he is not liable, generally for presumed want of discretion to protect his interests."

In the case of *Sims v. Everhardt,* 102 U. S., 300; 26 L. Ed., 87, the Court said:

"A conveyance by an infant is an assertion of his right to convey. A contemporaneous declaration of his right or of his age adds nothing to what is implied in his deed. An assertion of an estoppel against him is but a claim that he has assented or contracted. But he can no more do that effectively than he can make the contract alleged to be confirmed."

The foregoing view of the law requires no argumentative application to the case at bar. In that view the facts found by the Master may not soundly be held to warrant a conclusion that McBrayer's conduct during his infancy estopped him to disaffirm the contract after arriving at full age.

If so, was the conduct of McBrayer after arriving at full age such as to preclude him from disaffirming the contract under the doctrine of equitable estoppel? Section 5520, Vol. 3, Code 1922, to which, we think, the County Judge properly attributed controlling force in the determination of that question, is as follows:

"No action shall be maintained whereby to charge any person upon any promise made after full age to pay any debt contracted during infancy or upon any ratification after full age of any promise (except upon contracts for necessaries) made during infancy, unless such promise or ratification shall be made by some writing signed by the party to be charged therewith."

It is true that McBrayer, after attaining full age, was bound by his conduct to the same extent as any other person, *sui juris,* and unquestionably he could be estopped by conduct to disaffirm the contract or to claim the benefit of the statute. But in the face of the express provisions of the statute there can be no doubt that the facts must make a clear

case in which all the elements of estoppel concur. *Norris v. Wait,* 2 Rich. Law, 148; 44 Am. Dec., 283. *Exchange Bank v. McMillan,* 76 S. C., 573; 57 S. E., 630. *Steele v. Poe,* 79 S. C., 412; 60 S. E., 951. In the case of *Norris v. Wait, supra,* decided more than 30 years before the enactment of this statute, it was held that "acts done by an infant, after arriving at full age, will not raise an implied affirmation" of a contract of sale, "unless it is made clearly to appear that he has received an equivalent, either in money or property, for the property sold." For the assumption of the debt of $2,000 to the plaintiff and the sale by way of mortgage to the defendant, Ables, what equivalent did McBrayer ever receive? He got title to real estate worth, according to the result of the foreclosure sale, $1,000. At the time of his disaffirmance of his voidable contract it does not appear that he had ever actually derived any financial benefit whatever from the contract with which he was sought to be charged. Certainly the evidence is far from convincing that he ever received any adequate value or fair equivalent for the debt of $3,500 which he undertook to assume and pay. But aside from that consideration there is no satisfactory evidence that the alleged conduct of McBrayer after he arrived at full age, in attempting to sell the property and to borrow money upon it to pay plaintiff's debt, or in renting it—conduct extending over a period of little more than three months—placed Mrs. Beam and Ables in any worse position than they were before or operated to their prejudice or detriment in any substantial way. *Steele v. Poe, supra.* We think the County Judge properly held that the facts are insufficient to warrant the application of the doctrine of equitable estoppel.

The judgment of the County Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER, and MR. ACTING ASSOCIATE JUSTICE JAS. W. JOHNSON concur.