13571

VIRGINIA-CAROLINA CHEMICAL CORPORATION v. CHANDLER

(167 S. E., 663)

426

*Messrs. E. L. Ard* and *A. C. Hinds,* for appellant,

*Mr. M. L. Meadors,* for respondent,

February 2, 1933.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

The defendant, an infant a little over twenty years of age at the time, gave to the plaintiff a promissory note, the payment of which was secured by a mortgage of real estate, the legal title to which was in the defendant. The consideration of the mortgage debt was the purchase price of fertilizers sold to the defendant, as alleged, to be used by him in his agricultural pursuits. The debt not having been paid in full, plaintiff instituted this action for foreclosure of the mortgage. The plea of infancy was set up by the defendant.

The special referee found in favor of the plaintiff, holding that the fertilizers were "necessaries," and that the infant, upon obtaining his majority, had not avoided the contract and was estopped by his actions to avoid it.

The Special Presiding Judge Hon. George Warren, reversed the conclusions of the referee. He held there had been no ratification by, or estoppel on the part of, the infant after he became of age. He seems to have held also that fertilizers, under the testimony in the case, were not shown to have been "necessaries" for the use of the infant.

The plaintiff has appealed from the circuit decree to this Court.

. We agree with the holdings of the Special Presiding Judge.

Conceding for the moment that fertilizers may be ██ classed as "necessaries" for an infant who is engaged in agriculture, about which matter there is some doubt (see 31 C. J., 1078, and 14 R. C. L., 256), we do not think the fertilizers furnished to the infant in this case were "necessaries" for him. We think the fertilizers were really sold for the benefit of the father of the infant. The father seemed to have handled the transactions more than they were handled by the infant. The payments on the mortgage debt were made by the father and not by the infant. The father testified: "The companies would not sell the fertilizer to me. Jim (agent of the plaintiff, fertilizer company) knew I had a lot there in Hemingway in the boy's name, and he said he could sell the fertilizer to the boy after I could not finance the farm. I told him I would sign this paper, but he said don't do it."

That testimony was not disputed, and all the circumstances seem to support its truth.

We think the case is governed very much by the decision of this Court in *Beam v. McBrayer et al.,* 132 S. C., 72, 128 S. E., 34, in which Mr. Justice Marion delivered a clear and interesting opinion.

Counsel for the appellant, in their strong and lucid argument, have reviewed many decisions, which we do not think are applicable, since they were rendered by the appellate Courts of this State prior to the enactment of what is now Section 7048 of the 1932 Code, as to "Actions on Promises as to Contracts Made during Infancy." Mr. Justice Marion, in the *Beam case,* showed the effect of that statute on the subjects of estoppel and ratification on the part of an infant after reaching majority. as to transactions engaged in by him during his minority.

The decree of the Special Circuit Judge, which will be reported, is affirmed.

MESSRS. JUSTICES STABLER and BONHAM, and MR. CIRCUIT JUDGE G. B. GREENE, ACTING ASSOCIATE JUSTICE, concur.