# MARYLAND REPORTS.

ELIZABETH E. TRADER, by her next friend, JOHN W.
CRISFIELD vs. GEORGE LOWE.

*Married Woman—Disabilities of Infancy—Acts of Acquiescence
after arrival at Age—Payment—Question for the Jury—
Choses in Action of a Married woman—Evidence.*

The father of a married woman being indebted to her as guardian, in the sum
of $3094 10, on the 10th of April, 1866, took a receipt from her husband in
full acquittance of the money thus due, and also a release from all liability
on account of his guardianship. No money was paid by the guardian either
to his ward, or to her husband at the time of the execution of said receipt;
but it was understood between the husband and the guardian, that the
former should take a tract of land belonging to the latter, and that the
money thus due should be applied in part payment of the purchase money.
In pursuance of this agreement the husband took possession of the property,
and in February, 1868, it was conveyed to him by the father, the considera-
tion set forth in the deed being $6000, in part payment of which the money
due to the wife by her guardian, was applied. At the date of the execution
of the receipt and release by the husband, and of the deed to the husband,
his wife was under the age of twenty-one years. The husband gave his
note to the father for the unpaid purchase money, and upon the note suit
was brought and judgment recovered. The day after the rendition of the
judgment, the husband conveyed to his wife certain personal property in
consideration of the sum of $3094.10, being the exact amount which she
claimed to be due to her by her father as guardian. The consideration thus
set forth was supported by the affidavit of the wife. In an action by the

wife on the bond of her father as guardian, to recover the amount which she claimed to be due by him as guardian, it was HELD:

1st. That if the money due to the plaintiff by the defendant as guardian, was applied in part payment of property sold and conveyed by the defendant directly to the husband of the plaintiff, without her knowledge and consent; or if such application was made with her knowledge and consent, but at a time when she was laboring under the disabilities of infancy, then in order to bind her by acts of acquiescence after her arrival at age, such acts must be with a full knowledge of all the facts and circumstances surrounding the transaction and with a full understanding of her rights.

2nd. That whether the consideration set forth in the bill of sale from the husband to the wife, be considered as a debt due by the defendant as guardian, or if paid by him to the husband, with the authority of the wife, and in that light a debt from the husband to the wife, in neither aspect, could the mere acceptance of the bill of sale be considered as payment;—that would depend upon the intention of the parties.

3rd. That if the bill of sale were executed by the husband to secure an indebtedness by himself or by any one else, and it was so understood and accepted by the wife, then, of course, it could not operate *per se* as a payment of such indebtedness; and there being evidence tending to show that it was executed merely as a security of an existing indebtedness, the question whether it was accepted in payment should have been submitted to the jury.

A married woman is not restricted in the disposition of her *choses in action*, to a joint conveyance with her husband.

In an action by a married woman upon the bond of her guardian, to recover the sum of $3094.10 which she claimed to be due to her by him as such guardian, the defendant offered in evidence a receipt in full for the amount from the husband, as also a bill of sale from the husband to the wife, the consideration for which, as therein stated, was the exact amount of the indebtedness claimed by the wife of her guardian. The consideration was supported by the affidavit of the wife. The wife in her own behalf offered to testify by way of explaining the circumstances under which the said bill of sale was executed, and affidavit on it made, that she did not know, until a short time prior to the execution of the bill of sale, the nature of the release or receipt given by her husband, and that she obtained a copy thereof, upon which she consulted counsel, and was advised that its effect was to discharge the guardianship absolutely, and that so believing, and with a full knowledge of all the facts in the premises, she accepted the bill of sale and made the affidavit thereon, and afterwards endorsed thereon a

release thereof. On objection to the admissibility of the testimony, that she had been advised of the effect of the release, and in consequence had taken the bill of sale, &c., it was HELD :

That this evidence was admissible for the purpose of showing the circumstances under which the bill of sale was executed and accepted; and also for the purpose of explaining the nature of the acts of acquiescence relied on by the defendant, to wit: whether she was fully advised in regard to her legal rights at the time of such acquiescence.

In an action by a married woman on her guardian's bond, to recover a sum of money alleged to be due her by such guardian, the plaintiff read in evidence the record of the appointment of the defendant as her guardian by the Orphans' Court of Sussex County, Delaware, his bond as such, report of sales of land, and also the record of his two guardian's accounts; she also offered evidence showing when she was born, and when she was married. The defendant offered to prove that the plaintiff was his daughter; that a few weeks after her marriage, he proposed to her and her husband a settlement of the guardianship; that she said she did not want to go to Georgetown, Delaware, and if it could be done by her husband without her going, she would rather not go, and that she would assent to what they did. The defendant having offered to follow it up by proof of knowledge on the part of the plaintiff, of the whole matter in question, the plaintiff objected to the admissibility of this proof for the purpose of showing that she had appointed her husband to make the settlement. The defendant then offered in evidence a receipt and release from the husband of the plaintiff, having first proved it was executed by him, and offered to prove that the agreement, evidenced by said paper, was subsequently made known to her, and that she approved and acquiesced in the same. The plaintiff objected to the admissibility of said paper as legal evidence for any purpose. HELD :

That the evidence objected to was clearly admissible as tending to show that the ascertainment and settlement was made with the knowledge and by the authority of the plaintiff, and the receipt by the husband was admissible as tending to prove payment by the defendant.

APPEAL from the Circuit Court for Wicomico County.

This was an action brought on the 26th of September, 1874, by the appellant, on the bond of the appellee as her guardian, to recover the sum of $3094.10, alleged to be due upon a settlement of his account, upon the 10th of April, 1866. The bond was dated the 12th of April,

.1854, and an additional bond was given on the 11th of March, 1856.    The declaration assigned two breaches: first, the appellee's failure to account and pay, on or after her marriage; and second, his failure to account and pay on or after her arrival at the age of twenty-one years. The appellee pleaded five pleas: First never indebted; second and third limitations; fourth payment; fifth, *nul tiel record.*   Issues were joined.

*First Exception.*—At the trial, the plaintiff, to sustain the issues on her part, read in evidence the record of the appointment of the defendant as her guardian, by the Orphans' Court of Sussex County in the State of Delaware, his bond as guardian, report of sale of land, and the record of his two guardian's accounts, passed before the Register of said county; she also offered in evidence that she was born in May, 1847, and was married in January, 1866, to John L. Trader, and that she had always resided in Somerset County, Maryland, up to the time of her marriage, and that from her marriage she and her husband had always lived in that part of said county now called Wicomico County.

The defendant then offered to prove by himself that the plaintiff was his daughter; that a few weeks after her marriage, he proposed to her and her husband a settlement of his guardianship; that she said she did not want to go to Georgetown, Delaware, and if it could be done by her husband without her going, she would rather not go, and that she would assent to what they did.    The defendant having offered to follow it up by proof of knowledge by the plaintiff of the whole matter in question, she objected to the admissibility of this proof for the purpose of showing that she had appointed her husband to make the settlement,—this objection the Court overruled and the plaintiff prayed leave to except.    The defendant then offered in evidence the receipt of John L. Trader, dated the 10th of April, 1866, for $3094.10, and his release of

the defendant from all liability on account of his guardianship, the defendant having first proved that it was executed by said Trader the husband of the plaintiff. The defendant then offered to prove that the said agreement, evidenced by said paper, was subsequently made known to her and that she approved and acquiesced in the same; the plaintiff objected to the said paper as legal and competent evidence to show a release to the guardian, binding on her, or to show the payment of the money to her, or for any purpose, but the Court admitted the said paper as competent evidence, being of opinion that the paper was inadmissible as a technical release, to include the plaintiff, but admitted it as evidence tending to prove payment of the money to her husband, in pursuance of the understanding as testified to by the defendant. To the rulings and opinion of the Court, the plaintiff excepted.

*Second Exception.*—The defendant to sustain the issues on his part, offered in evidence facts tending to prove a sale of the Wilson land to John L. Trader, the husband of the plaintiff for $6000, and that the money due from the defendant to the plaintiff on the guardianship, had been applied by her husband and the defendant toward the purchase money of said farm with her knowledge and acquiescence. The defendant further offered in evidence the deed from himself to John L. Trader, the record of the judgment of the defendant against said Trader for $4736.39 with interest and costs, and the bill of sale, acknowledgment and affidavit thereon, and release thereof, from John L. Trader to his wife. Other evidence was offered by the defendant. The plaintiff thereupon testified to facts tending to prove that the defendant and her husband, with her knowledge and acquiescence, went to Georgetown, Delaware, for the purpose of settling the guardianship account and releasing the secureties on the guardian's bond, and testified, that on their return from Georgetown she was informed what had been there done,

but was not advised of what nature the paper was which was executed. She further offered to testify, by way of explaining the circumstances under which said bill of sale was executed and affidavit on it made, that she did not know, until a short time prior to the execution of the said bill of sale, the nature of the release or receipt given by her husband in Georgetown, Delaware, and that she sent for and obtained a copy thereof, upon which she consulted counsel, and was advised that its effect was to discharge the guardianship absolutely, and that so believing, and with a full knowledge of all the facts in the premises, she accepted the bill of sale and made the affidavit thereon, and afterwards endorsed thereon a release thereof; to the admissibility of the fact of her being advised as to the effect of said release, and therefore took the bill of sale, &c., the defendant objected, and the Court having sustained the objection, the plaintiff excepted.

*Third Exception.*—The plaintiff prayed the Court to instruct the jury as follows:

1. That if the jury find from the evidence in the cause that the plaintiff was born on the 28th of May, 1847, and not before, and was married on the 30th day of January, 1866, and not before, the Statute of Limitations is no bar to the plaintiff's right to maintain this suit, and their verdict on the issues joined on the defendant's second and third pleas should be for the plaintiff.

2. If the jury from the evidence in the cause shall find that the defendant was guardian of the plaintiff, and as such executed the bond on which this suit is brought, and as guardian was indebted to the plaintiff at the time of her marriage with John L. Trader, (if they find such marriage) and that she then, and always since has resided in the State of Maryland, their verdict, on the issues made by the first and fourth pleas, must be for the plaintiff; unless they further find that the defendant has paid the said indebtedness to the plaintiff, or has applied the same

with the plaintiff's knowledge and consent to the payment of the purchase money of the Wilson farm, sold and conveyed by the defendant to the said John L. Trader, (if they find such sale and conveyance,) with full information of such sale and conveyance at the time of such application, or afterwards, the plaintiff on being fully informed of said sale and conveyance, assented to, and acquiesced in, the application of the said indebtedness due from the defendant to her.

3. If the jury find the facts stated in the second prayer, and shall further find that the plaintiff was a minor within the age of twenty-one years at the time of the said sale and conveyance to the said John L. Trader, and the application of the said indebtedness was made, their verdict must be for the plaintiff, unless they further find that after her arrival at the age of twenty-one years, she was fully informed of the said sale and conveyance, and of the application of the said indebtedness to the purchase money of the said farm, and with full knowledge of the same, and of her legal rights, she consented to the said application.

4. If the jury from the evidence in the cause, shall find that the defendant was the guardian of the plaintiff, and as such, executed the bond on which this suit is brought, and was indebted to the plaintiff at the time of her marriage with John L. Trader, (if they find such marriage,) and that she then and always since has resided in the State of Maryland, and that soon after her marriage, the defendant proposed to sell and convey to the plaintiff the Wilson farm, for the amount then due her from him as her guardian ; and in the same conversation, the defendant told the plaintiff to tell her husband to be ready to go with him to Georgetown, Del., as he wanted to release his securities on the said guardian's bond, and on the day appointed, the said John L. Trader went with the defendant to Georgetown, in pursuance of the said request, and

the said John there executed the release offered in evidence, and that the money mentioned in the said release was not paid to the said John or the plaintiff, nor was any security or satisfaction for the same, then or at any time taken therefor, then said release is no conclusive bar to the plaintiff's recovery.

5. If the jury shall find the guardianship, the execution of the bond, the marriage and residence of the plaintiff, and the indebtedness of the defendant to the plaintiff, as stated in the second prayer ; and shall further find that the defendant never paid or discharged the said indebtedness, except by crediting the same on the purchase money of the Wilson farm, sold and conveyed by the defendant to the said John L. Trader, the said application is not a discharge of the said indebtedness, and interposes no bar to the plaintiff's recovery, unless made by her consent and authority, and there is no evidence in the cause sufficient in law, to warrant the jury in finding such consent and authority.

6. That there is no evidence in this cause sufficient in law to sustain the defendant's plea of payment, and their verdict should be for the plaintiff, on the issue found on the defendant's fourth plea.

7. That if the jury should find for the plaintiff, the measure of damages, is the amount they may find to be due on the guardian account, after deducting such payments or allowances on account thereof, as they may find should be credited, if they find any such to be credited, with interest to the date of verdict.

The defendant prayed the Court to instruct the jury as follows :

1. If the jury shall believe from the evidence, that the defendant owed the plaintiff a sum of money as guardian for her, and consented that the amount thereof, should be ascertained by her husband and defendant, and that on the 3rd of February, 1868, the defendant and John L. Trader,

the plaintiff's husband, did ascertain the said amount so due, and by and with the knowledge and acquiescence of the plaintiff, the said John L. Trader did then and there receive a deed to himself from the defendant for real estate, in full acquittance of all money due from the defendant to the plaintiff at that time, and that afterwards, in 1869 and 1870, or at any time thereafter, the plaintiff recognized and acquiesced in said settlement and appropriation, then the plaintiff is not entitled to recover in this action.

2. If the jury find that the bill of sale offered in evidence, was executed by the parties thereto, and that the consideration thereof was the same debt found to be due to the plaintiff, in the office of the Register of Wills at Georgetown, and mentioned in the paper-writing called a release, offered in evidence, then the acceptance of said bill of sale by the plaintiff for the purposes therein expressed, is a payment of said indebtedness.

The first prayer of the plaintiff was conceded. The Court (FRANKLIN and IRVING, J.) granted the second, fourth and seventh prayers of the plaintiff and refused her third, fifth and sixth, and granted the prayers of the defendant. To the rejection of the plaintiff's third, fifth and sixth prayers and to the granting of the defendant's prayers, the plaintiff excepted, and the verdict and judgment being for the defendant, she appealed.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*Henry Page* and *John W. Crisfield,* for the appellant.

*John H. Handy,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This suit is brought by a married woman to recover of the appellee, her father, the sum of $3094.10, claimed to be due by him as guardian.

The undisputed facts show : that the appellant was married in January, 1866, when she was about eighteen years old ; and that on the 10th of April following, upon an ascertainment had between her husband and the appellee, there was found to be due to her by the latter as guardian, the sum of $3094.10. That the husband at the same time gave to the appellee a receipt in full for said indebtedness, and released him from all liability on account of his guardianship of the appellant. No money was paid by the appellee either to the appellant or to her husband at the time of the execution of said receipt or acquittance; but it was understood between the husband and the appellee that the former should take a tract of land belonging to the latter, and that the money thus found to be due the appellant should be applied in payment of the property.

In pursuance of this agreement, the husband took possession of the property, and in 1868 it was conveyed to him by the appellee, the consideration set forth in the deed being six thousand dollars, in part payment of which, the money due to the appellant by the appellee as guardian, was applied.

The evidence in regard to the circumstances under which the receipt or acquittance was executed, and in regard to the facts concerning the purchase and conveyance, and the application of the money due to the appellant by the appellee as guardian, to the payment of the tract of land in question, is conflicting and contradictory.

The appellee, however, contends, if the appellant consented that her husband and the appellee should ascertain the amount due by the latter as guardian, and that said amount was so ascertained, and that her husband with her knowledge and acquiescence received from the appellee a deed to himself of certain real estate in full acquittance of said amount, and that the appellant after her arrival at age recognized and acquiesced in said settlement and appropriation, that then she is not entitled to recover in this suit.

There can be but little difficulty in the application of the principle of acquiescence and adoption to the dealings and transactions of persons *sui juris*, and who stand upon an equal footing ; but there is a wide difference between its application to such persons, and to those who hold fiduciary and confidential relations with each other. Thus for instance, it has been repeatedly held that a *cestui que trust* will not be bound by acts of acquiescence in regard to a breach of trust, unless such acquiescence be with *a full knowledge of all the facts and full understanding of all his rights*. In the language of this Court in *Hoffman Steam Coal Co. vs. Cumberland Coal and Iron Co.*, 16 *Md.*, 509, "the *cestui que trust*, must not only have been acquainted with the facts, but apprised of the law, how those facts would be dealt with if brought before a Court of equity."

Now it is true a *cestui que trust*, may be bound by a breach of trust, committed with her knowledge and at her request, provided she is not at the time laboring under the disabilities of *coverture or infancy*. And although it may be conceded that a married woman in regard to her separate estate may be considered to this extent at least *"sui juris,"* yet it is well settled that she cannot be bound by acts of acquiescence in regard to the disposition of it, unless she was at the time of such acquiescence of lawful age. *Bateman vs Davis*, 3 *Mad.*, 98 ; *Walker vs. Symonds*, 3 *Swans.*, 69 ; *Underwood vs. Stevens*, 1 *Merr.*, 717 ; *Smith vs. French*, 2 *Atk.*, 243 ; *Needle's Case, Hob.*, 225 ; *Lench vs. Lench*, 10 *Ves.*, 517 ; *Montford vs. Cadogan*, 19 *Ves.*, 634 ; *Cresswell vs. Dewell*, 4 *Giff.*, 460.

Now in this case we are dealing with transactions between guardian and ward, and husband and wife. The appellee was not only the guardian but the father of the appellant. As guardian he was indebted to her in the sum of $3094.10, and under the laws of this State, the money thus due belonged to her as her *separate estate*. It was his duty then and a plain duty, either to have paid it

to her, or to some one authorized by her to receive it.   Instead however of doing this, he takes a receipt from her husband in full acquittance of the money thus due to her by him as guardian, although in fact not one dollar was paid ; and then. he agreed to sell to the husband a farm, and the money due to the appellant is applied in part payment of the property.

We must do the appellee the justice to say, however, that he insists that this application was made with the knowledge and acquiescence of the appellant, but we are now in a Court of law, dealing with and determining the legal rights of the parties, and conceding for the purposes of this case, that the deed of the property to the husband and the application of the separate estate of the appellant in part payment of the purchase money, was made with her knowledge and acquiescence, yet the record shows, she was at that time under the age of twenty-one years, and could not therefore be bound by acts of acquiescence in regard to transactions and dealings between her husband and the appellee.   If this be so, and the appellee seeks to bind her by acts of acquiescence after her arrival at lawful age, then it is clear, both upon principle and authority, that such acts of acquiescence and adoption must be with a full knowledge of all the facts, and with a full understanding of all her rights.   *See Lewin on Trusts*, 663, *and cases cited.*

It follows then from what we have said that if the money due to the appellant by the appellee as guardian, was applied in part payment of property sold and conveyed by the appellee directly to her husband, without her knowledge and consent ; *or if such* application was made with her knowledge and consent but at a time when she was laboring under the disabilities of *infancy*, then in order to bind her by acts of acquiescence after her arrival at age, such acts must be with a full knowledge of all the facts and circumstances surrounding the transaction and with a *full knowledge of her rights.*   The Court therefore erred in

granting the appellee's first prayer and in rejecting the third prayer of the appellant.

But it further appears that the husband gave to the appellee his note for the unpaid purchase money, and that upon this note suit was brought and judgment recovered. The day after the rendition of the judgment the husband conveyed to the appellant certain personal property in consideration of the sum of $3094.10, being in fact the exact amount found to be due by the appellee as guardian to the appellant. The consideration thus set forth was supported by the affidavit of the appellant, and the bill of sale was recorded.

The appellee contends and the Court so instructed the jury, if the consideration set forth in the bill of sale was the same debt due to the appellant by the appellee as guardian, that the acceptance of the bill of sale by the appellant for the purpose therein expressed, was a payment of said indebtedness.

Now whether the consideration set forth in the bill of sale be considered as a debt due by the appellee as guardian, or if paid by him to the husband with the authority of the wife, and in that light a debt from the husband to the wife, in neither aspect can the mere acceptance of the bill of sale be considered as payment. This of course must depend upon the intention of the parties. If it was executed by the husband to *secure* an indebtedness *by him* or *by any one else,* and it was so understood and accepted by the appellant, then of course it could not operate *per se* as a payment of such indebtedness. There is evidence in the record tending to show that it was executed merely as a security of an existing indebtedness, and the question therefore whether it was accepted in payment should have been submitted to the jury.

It is contended however, on the part of the appellant, that a husband cannot under the laws of this State convey property directly to his wife, and that in a Court of law

the bill of sale, now under consideration, must be regarded as a nullity.   By the common law it is true the husband and wife were regarded as *one*, and she could not therefore take a legal estate either from the husband or any one else; but our Code has made sweeping changes in regard to the old common law notions of husband and wife. Under the laws of this State, the wife holds her property real and personal, whether belonging to her at the time of marriage or coming to her afterwards, *as her separate estate*, and this too without the intervention of a trustee. Being thus competent to take the legal estate, there is no reason why the husband should not convey property directly to her, and by a fair construction of sec. 1 of Art. 45 of the Code, such conveyances are expressly recognized, provided they be not in prejudice of the rights of creditors.

But it is also insisted, that under sec. 2, Art. 45, a wife cannot dispose of her *choses in action*, except by a joint-deed with her husband.   It is true, where a particular mode is prescribed in a deed of settlement for the disposition of a separate estate of a married woman, it operates as a negation of all other modes.   In other words, the settlor has the right to say how and in what manner the wife shall dispose of the property settled upon her, and the mode thus prescribed is binding on the parties.   The Legislature too, in creating a *statutory separate estate* for the wife, may provide the mode and manner of its disposition. But we do not think the Legislature intended to restrict the disposition of the wife's *choses in action* to a conveyance by joint-deed with her husband.   The right of the wife to dispose of her *choses in action* by assignment or otherwise was recognized in *Barton's Executors vs. Barton*, 32 *Md.*, 214; and in *Whitridge vs. Barry*, 42 *Md.*, 140, her power so to do, was expressly decided.

The Court erred also, we think, in excluding the evidence offered under the second bill of exceptions.   In explaining the circumstances under which the bill of sale was

executed and accepted, the appellant said she had been advised by counsel that the receipt or acquittance executed by her husband, released her father from his liability as guardian, and that she took the bill of sale for the purpose of securing so much of said indebtedness as she could. This evidence was admissible for the purpose of showing the circumstances under which the bill of sale was executed and accepted; and also for the purpose of explaining the nature of the acts of acquiescence relied on by the appellee, that is whether she was fully advised in regard to her legal rights at the time of such acquiescence.

The appellant's fifth and sixth prayers were properly rejected. Without being understood as expressing any opinion in regard to the weight of the evidence, it was legally sufficient we think to submit to the jury the question of acquiescence and adoption.

We see no objection to the evidence offered under the first bill of exceptions. It was clearly admissible as tending to show that the ascertainment and settlement was made with the knowledge, and by the authority of the appellant, and the receipt by the husband was admissible as tending to prove payment by the appellee.

The Court having erred in granting the defendant's first and second prayers, and in excluding the evidence offered under the second bill of exceptions, and in refusing to grant the plaintiff's third prayer, the judgment must be reversed.

> *Judgment reversed, and*
> *new trial awarded.*

(Decided 14th June, 1876.)