# MANNING *v.* GANNON.

CONTRACTS; INFANTS; DISAFFIRMANCE; DIRECTION OF VERDICT.

1. To effect a confirmation of a contract entered into during infancy, the act must have been done with knowledge that the contract was voidable.

2. In an action to recover the consideration paid to the defendants by the plaintiffs during infancy for a moving-picture business which the plaintiffs took possession of and operated until they were evicted in a landlord and tenant proceeding, and which contract of purchase the plaintiffs disaffirmed thereafter on attaining their majority and after having been advised by counsel of their right to disaffirm it, testimony for the defendants that about the time the plaintiffs became of age one of them told the defendants that the plaintiffs were trying to sell the business, and if they did so they would pay the defendants, will not require the court to submit to the jury the question of whether the plaintiffs, by their conduct, affirmed the contract, where the evidence also shows that it was not until later that the plaintiffs were advised by counsel of their right to disaffirm; and under such circumstances the trial court properly directs a verdict for the plaintiffs. (Citing D. C. Code, sec. 1271 [31 Stat. at L. 1390, chap. 854].)

No. 2795. Submitted October 8, 1915. Decided November 1, 1915.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia upon a verdict for the plaintiffs directed by the court, in an action to recover money paid by the plaintiffs during infancy.    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District upon a directed verdict for the plaintiffs, Gilbert Gannon and Andrew J. Gannon, appellees here, in a suit to recover $300 paid by the plaintiffs during infancy to the defendants, George

H. Manning and R. B. Stevens, appellants here, for a moving-picture business.

On March 27, 1912, the plaintiffs (twin brothers) paid to the defendants the sum of $300 for the business of the Senate moving-picture theater on Pennsylvania avenue in this city. Plaintiffs took possession of the business on April 1st, following, and continued to operate it at a loss until September 6th of the same year, when they were evicted under landlord and tenant proceedings, the landlord having refused to agree to a transfer of the lease. On August 24, 1912, plaintiffs became of age and on September 9th, following, "first learned from their counsel of their right as infants to rescind the contract." On September 11th, following, they notified the defendants of their disaffirmance of the contract and demanded payment of the $300. At the first trial of this case the judgment was for the defendants, but, upon the case being brought here, that judgment was reversed and the cause remanded for a new trial. *Gannon* v. *Manning,* 42 App. D. C. 206. In the second trial the testimony was substantially to the same effect, except that both defendants testified that on August 29, 1912, they had a conversation with one of the plaintiffs in which he stated that he and his brother were trying to sell the business and had received a deposit from a prospective purchaser on account of said sale; that they expected to consummate the sale within two or three days, and "that if the sale were concluded they would receive $500, and that they would reimburse the defendants for money which the defendants had paid in their behalf, and divide the difference between them." At the close of all the evidence the court, upon motion of the plaintiffs and over the objection of the defendants, directed a verdict for the plaintiffs.

*Mr. R. B. Dickey* and *Mr. John Ridout* for the appellants.


*Mr. D. W. O'Donoghue, Mr. A. William Suelzer,* and *Mr. Arthur A. Alexander* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

· Upon the prior appeal it was ruled, in a carefully prepared opinion by Mr. Justice Van Orsdel, that under the evidence plaintiffs exercised their right to disaffirm the contract within a reasonable time after they became of age. But it is now urged that under the evidence adduced at the second trial, it was the duty of the court to submit to the jury the question whether the plaintiffs, by their conduct, affirmed the contract. To this we cannot assent. The alleged attempted sale by the plaintiffs occurred at about the time they became of age, that is, between August 24th and August 29th. On September 9th, following, the plaintiffs first learned of their rights, whereupon they immediately notified the defendants of the rescission of the contract. It is a general rule that to effect a confirmation of a contract entered into during infancy, the act must have been done with knowledge that the contract was voidable. *Irvine* v. *Irvine,* 9 Wall. 617, 19 L. ed. 800; *Owen* v. *Long,* 112 Mass. 403; *Baker* v. *Kennett,* 54 Mo. 82; *Fetrow* v. *Wiseman,* 40 Ind. 148; *Steele* v. *Poe,* 79 S. C. 407, 60 S. E. 951; *Hatch* v. *Hatch,* 60 Vt. 160, 13 Atl. 791; *Trader* v. *Lowe,* 45 Md. 1. This is a reasonable rule, since it cannot be said that an infant intends to affirm a contract when he is in ignorance that affirmation is necessary; that is, when he is in ignorance of his rights. It is for this reason that it generally has been held that mere acquiescence, though long continued, will not amount to ratification. In the present case, there are no circumstances tending to show that when the plaintiffs are alleged to have attempted to make a sale of the property they had any knowledge that their contract with the defendants was voidable on the ground of infancy. That, therefore, did not amount to such conduct as would justify the submission of the question to the jury under section 1271 of the Code [31 Stat. at L. 1390, chap. 854]. ·

The judgment was right and must be affirmed, with costs.

*Affirmed.*