Thomas HARROD, Appellant,

v.

KELLY ADJUSTMENT CO., a corporation, Appellee.

No. 2930.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 19, 1962.

Decided March 28, 1962.

George Serabian, Washington, D. C., for appellant.

Jacob Gordon, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

In January 1961, appellee instituted this suit to compel payment of the balance owing under a conditional sales contract which appellant had signed and allegedly sealed almost ten years earlier, when he was a seventeen-year-old minor. Appellant relied on three defenses, namely: the statute

of limitations; the election to disaffirm a contract executed during his minority; and the applicability of a section of the Maryland Retail Installment Sales Act, voiding the contract. He reasserts these same three grounds on appeal.

The entire transaction, involving the purchase of a watch from appellee's assignor, Livingston and Company, took place on March 3, 1951, at appellant's place of employment in nearby Maryland.[1] Appellant received delivery of the watch, paid three dollars down, and executed the contract, agreeing to satisfy the $69.80 balance by five-dollar bimonthly installments. But whatever the reason, none of the payments were made in the next three months; nor were payments made at any time thereafter, for appellant left the area the following June to begin a four-year tour of duty with the Navy, and contact between the contracting parties was not resumed upon his return in 1955. As for the watch, appellant testified at trial that it had been lost or stolen in the latter part of June 1951, shortly after his entry into the service. On these statements, which were essentially uncontradicted, the trial court ruled in favor of appellee.

■ Appellant first contends that it was error for the trial court to allow the action under the twelve-year limitation for sealed instruments, instead of dismissing it on the three-year statute of limitations for simple contracts. Not having known the meaning and effect of a sealed instrument, he maintains that he could not have intended to execute one, with the result that the sales contract should have been treated as a simple contract. In this way he seeks to avoid the effect of the language "witness my hand and seal," which appears prominently in the contract, and the word "seal," in parenthesis, which appears opposite his signature. This he may not do. Appellant's ignorance of the seal's significance and his avowed lack of actual intent to execute an agreement of such dignity do not determine the character of the instrument; whatever reservations he may have had then are unavailing now. In deciding the issue the court is concerned not with a maker's undisclosed intent but with that expressed or manifested on the paper under examination. "And, as the word 'seal' in parenthesis is in common use as a seal, its presence upon an instrument in the usual place of a seal, opposite the signature, undoubtedly evinces an intention to make the instrument a sealed instrument, which should be held conclusive by the court, in the absence of other indications to the contrary appearing on the face of the instrument itself."[2] Far from any such contrary indication being demonstrated here, the words "witness my hand and seal" lend added and conclusive force of an intention to make a sealed contract,[3] and the trial court was correct in so holding.

■ The question of a party's election to disaffirm a contract for nonnecessaries concluded during his minority depends upon his intention shown by his conduct: whether within a reasonable time after majority, his conduct was such as to indicate a desire that the contract should stand, thereby working a ratification, or otherwise.[4] We believe the general rule that ratification will not be implied from a party's mere silence and inaction, no matter how prolonged after majority, is applicable to the present circumstances.[5] It would be altogether different had appellant accepted, retained or used

1. Appellant, a resident of Maryland, attended high school during the day, and worked from 4:00 P.M. until midnight.

2. Federal Reserve Bank of Richmond v. Kalin, 4 Cir., 81 F.2d 1003, 1007 (1936).

3. See Wells v. Alropa Corporation, 65 App.D.C. 281, 82 F.2d 887 (1936).

4. See generally, annotation at 5 A.L.R.2d 7; 2 Williston, Contracts §§ 234, 239.

5. Manning v. Gannon, 44 App.D.C. 98 (1915), and cases there cited; Annotation, 5 A.L.R.2d 13. Cf. Sprecher v. Sprecher, 206 Md. 108, 110 A.2d 509 (1955), involving disaffirmance of land transaction.

the benefits of the contract during all this time; [6] however, that is not the situation since appellant was deprived of the watch while he was still a minor. This being the case, there is nothing from which to imply a ratification. Appellee also argues that the watch was a necessary, or at least that the trial court might properly have regarded it as such. This, too, is without factual basis, since the record is devoid of evidence that purchase of the watch was required for maintenance of appellant's station in life.

■ In addition, appellant's final assignment of error is fatal to appellee's recovery. Section 128, Article 83, of the Maryland Code 1957, to which this transaction is subject, renders absolutely void any installment agreement a copy of which is not delivered to the buyer within fifteen days. In this and other particulars, Livingston did not abide by the formal requirements of the act; nor do we believe that the consequences for noncompliance can be alleviated by appellant's inability to return the consideration received. This contract being void rather than voidable, there was no requirement that the watch be returned as a condition of avoidance. We need not discuss whether a seller may be entitled to compensation for such failure to return merchandise on some other theory, as that question is not before us, but he may not proceed in contract. The strictness of these statutory requirements is illustrated by language used in a case from the Maryland Court of Appeals: "This Court can not mitigate these provisions [including the present one] by assuming a dispensing power not conferred by the act * * * or by creating exceptions or artificial estoppels which would shift upon the buyer the seller's responsibility for neglect to comply with statutory requirements designed for the buyer's protection." [7] Thus we hold that the case must be

Reversed and remanded with instructions to enter judgment for appellant.

---

6. Annotation, 5 A.L.R.2d 28; 1 Williston, Contracts § 239.

7. Stride v. Martin, 184 Md. 446, 41 A.2d 489, 492 (1945).