## SCHENKER *v.* SCHENKER

[No. 332, September Term, 1961.]

---

*Decided July 6, 1962.*

*Motion for rehearing filed July 16, 1962, denied July 23, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Hyman Ginsberg,* with whom were *Ginsberg & Ginsberg* on the brief, for appellant.

*Samuel Schenker* for appellee.

PER CURIAM.

This divorce case originated with the wife's filing a bill for divorce on the ground of abandonment. The husband filed a cross-bill on the same ground. Thereafter the husband filed a supplemental cross-bill charging both abandonment and adultery. The wife countered with a supplemental bill making similar charges against the husband. Each party filed an answer to the original and supplemental cross-bills against him or her. The case was heard on lengthy (and rather repetitious) testimony. The Chancellor found that the husband had deserted the wife and had been guilty of adultery. He also found that the wife had been guilty of adultery. Recrimination being thus established, he denied a divorce to each party. The wife appealed; the husband did not. There is no

controversy over those portions of the decree which deal with the custody and support of the minor child, temporary alimony or a counsel fee allowed to the wife's counsel.

Since the husband did not appeal or cross-appeal, we see no basis for reviewing the Chancellor's findings adverse to him. *Sprecher v. Sprecher,* 206 Md. 108, 116, 110 A. 2d 509; *Schultz v. Kaplan,* 189 Md. 402, 416, 56 A. 2d 17; *Hammond v. Piper,* 185 Md. 314, 321, 44 A. 2d 756; *Board of Education of Cecil Co. v. Lange,* 182 Md. 132, 138, 32 A. 2d 693. (We may remark, however, that if the correctness of those findings were properly before us, the evidence would not warrant our disturbing them.) The question here is whether the Chancellor's finding adverse to the wife should or should not be sustained. The testimony as to adultery by each of the spouses leaves, perhaps, less to inference than the evidence often does in cases of this type reaching this Court. It would serve no useful purpose, in our estimation, to set it out. We find that the testimony regarding adultery by the wife was sufficient, if believed, to support the finding of the Chancellor that she had been guilty of this offense. Cf. *Plum v. Plum,* 228 Md. 306, 179 A. 2d 717. The record extract contains the testimony of only two witnesses who did not appear and testify before the Chancellor. The testimony of one of them was taken by deposition. This witness was a friend of the man with whom the wife was said to have committed adultery.[1] In some respects his testimony agreed with that of the key witness for the husband, but on the most damaging portion of her testimony it contradicted her. The other absent witness' testimony was stipulated. It was offered on behalf of the husband in an effort to refute one of the wife's charges and is immaterial on this appeal. The Chancellor saw and heard the parties and all of the other witnesses, including the key witness above referred to, upon whose testimony rested the Chancellor's finding adverse to the wife. The Chancellor was in a position to judge the credibility of the witnesses and

---

1. No testimony of that man—by deposition or otherwise—appears in the record extract.

he found the testimony of this key witness to be worthy of belief. After reviewing the record presented to us, we cannot say that the Chancellor was in error in reaching the conclusion of fact at which he arrived. The decree must be affirmed. *Plum v. Plum, supra; Provenza v. Provenza,* 226 Md. 63, 66, 172 A. 2d 503; *Hooper v. Hooper,* 224 Md. 65, 68, 166 A. 2d 734; Maryland Rule 886 a.

*Decree affirmed; the costs to be paid by the appellee.*