## PEED *v.* PEED

[No. 355, September Term, 1962.]

*Decided July 1, 1963.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Arthur G. Lambert,* with whom were *Walter S. Furlow, Jr.,* and *Lambert, Furlow & Sheehan* on the brief, for the appellant.

*Joseph B. Simpson, Jr.,* with whom were *Vivian V. Simpson, H. Algire McFaul* and *Simpson & Simpson* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appeal in this case is from a decree denying a divorce to a wife and also to a husband on his cross-bill, each charging desertion and cruelty. Both parties appealed, but the wife did not press her appeal. The husband's appeal also challenges the award of support for the two children, whose custody was given to the wife, as excessive.

The gravamen of the husband's complaint is that, although he continued to occupy the same dwelling until shortly before the trial and for more than 18 months after the alleged cessation of marital relations, the wife deserted him by her persistent refusal to have marital relations. Quite apart from the lack of corroboration, we think the Chancellor's finding that the cessation of marital relations was not solely the fault of the wife, was supported by the evidence. A reading of the record discloses bickering over money, name calling and outbursts of temper on both sides, but it shows that the husband was only too ready and willing to accept the cessation of relations after the wife had asked him on one occasion in strictest privacy, whether he had been unfaithful to her. He replied: "This is the last time you will humiliate me," and by his own admission he made no effort at reconciliation for the next eighteen months.

It it too well settled to require citation of authority that sallies of passion, rudeness, and even occasional acts of physical violence, do not constitute legal cruelty where not carried to dangerous extremes. Since the Chancellor's findings are supported by the evidence we cannot say that he was clearly wrong, either on the point of desertion or the point of cruelty. The Chancellor specifically found that neither party was guilty

222

of serious misconduct and that the husband's departure from the home was not necessary to protect his health, safety or self-respect.

The award of $500.00 per month for the support of the two daughters, aged 18 and 15 at the time of the decree, would appear to be an unusually large portion of his gross earnings. These were $15,131.00 for 1961, his peak year. His estimated gross earnings for 1962 were $12,600.00. The older girl was given an allowance of $350.00 a month, while the younger received $150.00 per month. It is not contended that the older girl was emancipated upon reaching the age of 18. See 8 Md. L. Rev. 71, 76 and *Sprecher v. Sprecher,* 206 Md. 108, 113. She was studying pharmacy at the University of North Carolina and the Chancellor estimated that her total expenses there would amount to about $2,000.00 a year or $165.00 per month. Yet he allowed her $185.00 per month in addition. The father had always insisted, over the mother's objection, that the girls attend private schools and obtain the best possible education, and he is hardly in a position to challenge the court's power to base an allowance on that type of education. We think, however, that the allowance of $350.00 per month for the older girl should be reduced to $250.00, or a total of $400.00 per month for both, as the appellant suggests, instead of the $500.00 allowed.

> *Decree modified, and as modified, affirmed, costs to be paid by the appellant.*